IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JEREMEE JOHN ELTING,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER DENYING WITHOUT PREJUDICE DEFENDANT'S MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE<br><br><br><br>Case No. 2:08-CR-832 TS |

This matter is before the Court for consideration of Defendant's Motion for Early Termination of Supervised Release.[1]  For the reasons provided below, the Court will deny the Motion without prejudice.

I.  BACKGROUND

A two-count Indictment was brought against Defendant on December 11, 2008, alleging (1) violation of 18 U.S.C, § 922(g)(1), possession of a firearm by a convicted felon, and (2)

---

[1]Docket No. 43.

1

violation of 26 U.S.C. § 5861(d), possession of an unregistered sawed-off rifle.  On February 18, 2009, Defendant pleaded guilty to count one of the Indictment.  Defendant was sentenced on May 12, 2009, to a period of 37 months in the custody of the Bureau of Prisons, to be followed by a 36-month term of supervised release.  Defendant now moves to terminate that supervision.  The government has not responded to the Motion.

Defendant has completed 13 months of his 36-month term of supervised release.  In his Motion, Defendant indicates that during the last 13 months he has: (1) obtained and maintained employment; (2) married; and (3) otherwise engaged in a productive lifestyle.  Consultation with Defendant's supervising officer confirms that Defendant has remained compliant with the terms of his supervised release.

## II.  DISCUSSION

18 U.S.C. § 3583(e) permits the Court to terminate supervised release at any time after a defendant has completed at least one year of supervised release, but prior to completion of the entire term, if the Court is satisfied that such action is (1) warranted by the conduct of an offender and (2) is in the interest of justice.  In making this determination, the Court is directed to consider the factors set forth in 18 U.S.C. § 3553(a), to the extent they are applicable.

Having considered these factors, reviewed the docket and case file, and consulted with Defendant's supervising officer, the Court finds that early termination of Defendant's term of supervised release is not yet warranted or in the interest of justice.  The Court notes with approval Defendant's good conduct thus far under supervised release.  However, the Court does not feel that 13 months of good conduct on a term of 36 months supervised release—following

37 months in custody of the Bureau of Prisons—is sufficient to warrant termination of the remainder of Defendant's supervised release. For this reason, the Court will deny Defendant's Motion without prejudice. The Court encourages the Defendant to continue his good conduct and re-file his Motion after he has completed at least 18 months of his term of supervised release.

### III.  CONCLUSION

It is therefore

ORDERED that Defendant's Motion for Early Termination of Supervised Release (Docket No. 43) is DENIED WITHOUT PREJUDICE.

DATED   February 19, 2013.

BY THE COURT:

_____
TED STEWART
United States District Judge